IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KENNETH NEWKIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14CV372–HEH |
| ) | |
| CIRCUIT COURT OF THE CITY ) | |
| OF HAMPTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Kenneth Newkirk, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

A. **Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of Allegations

On or about July 1, 2014, a jury in the Circuit Court for the City of Hampton ("Circuit Court") convicted Newkirk of first-degree murder and shooting/stabbing in commission of a felony. *See Commonwealth v. Newkirk*, Nos. CR11000878–00 and CR11000878–01 (Va. Cir. Ct. July 1, 2014).[2] In a rambling and incoherent Complaint,

---

[2] *See* http://www.courts.state.va.us/courts/circuit/hampton (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Hampton Circuit" from drop-down menu and follow "Begin" button; type

3

Newkirk alleges that the Defendants, the Circuit Court of the City of Hampton, the Office of the Commonwealth's Attorney, and the Hampton Sheriff's Office, committed errors in his criminal prosecution. (Compl. 5.)

Newkirk demands ten billion dollars from each defendant, injunctive relief, and to have his conviction set aside. (Compl. 6.) As explained below, Newkirk's Complaint will be dismissed.

### C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Newkirk's Complaint fails to state a claim against Defendants for several reasons.

First, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Newkirk fails to mention the Office of the Commonwealth's Attorney and the Hampton Sheriff's Office in the body of his Complaint. Accordingly, Newkirk has failed to state a claim against these Defendants.

---

"Newkirk, Kenneth," and then follow "Search by Name" button; then follow hyperlinks for "CR11000878-00" and "CR11000878-01").

Moreover, neither the Circuit Court of the City of Hampton nor the Office of the Commonwealth's Attorney are persons under § 1983, thus, they are not amenable to suit. *See Oliva v. Boyer*, No. 98–1696, 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998) ("[T]he Defendant court system is not a person defined by . . . § 1983); *Easter v. Virginia*, No. 4:05cv162, 2006 WL 5915495, at *2 (E.D. Va. Sept. 5, 2006) (explaining that the Newport News and Virginia Beach Commonwealth's Attorney's Offices are not persons); *see also Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (discussing prosecutorial immunity). Additionally, the Hampton Sheriff's Department is not a properly named party defendant. *Francis v. Woody*, No. 3:09cv325, 2009 WL 1442015, at *6 (E.D. Va. May 22, 2009) (citing *Clark v. Beasley*, No. 3:03–CV–1074, 2004 WL 3222732, at *4 (E.D. Va. July 8, 2004); *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency.")).

### D. Conclusion

Accordingly, Newkirk's claims and the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: August 13, 2014
Richmond, Virginia